IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE DOLAN, JR.,

            Petitioner,

    v.

STEVE FRANKE,

            Respondent.

Civil No. 3:11-cv-00457-AC

FINDINGS AND RECOMMENDATION

THOMAS J. HESTER
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

      Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution ("TRCI"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Second Amended Petition for Writ of Habeas Corpus (#26) should be DENIED and this action should be dismissed.

## BACKGROUND

On September 19, 2003, a Umatilla County grand jury indicted Petitioner on charges of Robbery in the First Degree (two counts), Burglary in the First Degree (two counts), Conspiracy to Commit Robbery in the First Degree (two counts), Conspiracy to Commit Burglary in the First Degree (two counts), Unlawful Use of a Dangerous Weapon with a Firearm (two counts), and Aggravated Theft in the First Degree. Resp. Exh. 102. Petitioner entered into a plea agreement whereby he pleaded guilty to all nine charges. Resp. Exh. 103. The trial judge sentenced Petitioner under a stipulated sentencing agreement to a total of 180 months of imprisonment, the first 90 months subject to Measure 11. Resp. Exh. 101.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion. *State v. Dolan*, 203 Or. App. 545, 129 P.3d 280 (2005). Petitioner did not seek review by the Oregon Supreme Court.

Petitioner then filed a petition for state post-conviction relief ("PCR"), alleging one claim for relief: that his decision to waive his right to a jury trial and enter a guilty plea was not knowing, voluntary, and intelligent because Petitioner thought his prison sentence would be 90 months, not 180 months. Resp. Exh. 108. After hearing evidence on Petitioner's claim, the PCR trial judge denied relief. Resp. Exh. 116.

During the PCR evidentiary hearing, the state's attorney volunteered that Petitioner's convictions for conspiracy to commit robbery and conspiracy to commit burglary could be merged with the robbery and burglary convictions for the completed acts. Resp. Exh. 113, pp. 6-7. The parties and the PCR trial judge agreed that making that change would affect the number of Petitioner's convictions, but not his sentence. Resp. Exh. 113, p. 7. Although no claim relating to this issue had been included in the PCR petition, the parties agreed that the state's attorney would prepare an amended judgment for entry in the criminal case, merging those convictions. Resp. Exh. 113, pp. 9-10.

The attorneys returned to court after the lunch break, without petitioner's presence.[1] Resp. Exhs. 114, 126, p.6. At that time, the state's attorney volunteered that he thought Petitioner's two burglary convictions could also have merged. Resp. Exh. 114, p. 3. Because Petitioner was originally sentenced consecutively on the two burglary counts, this merger would necessarily affect the sentence so the state's attorney had thus taken the liberty of preparing a proposed amended judgment re-working all of Petitioner's convictions and sentences in order to merge the relevant convictions while maintaining the original term of incarceration. Resp. Exh. 114, p. 3. Petitioner's PCR attorney requested the opportunity to review the proposed amended judgment, which was ultimately signed by the judge 35 days later. Resp. Exh. 118.

Petitioner appealed. Resp. Exh. 126. Petitioner did not assign error to the PCR trial court's denial of the claim he alleged in his PCR petition; instead, he argued that his PCR attorney's representation was inadequate, that the PCR trial judge erred when it re-sentenced Petitioner *in*

_____

[1]Petitioner had participated in the PCR evidentiary hearing during the morning session via video or telephonic link from TRCI. Resp. Exh. 113, p. 3.

*absentia*, and that the PCR trial judge erred in re-structuring the sentences to match the original

term of incarceration.  Resp. Exh. 126, p. 2.  Petitioner conceded that the claims were not

preserved, but argued they should be reviewed as plain error.  Resp. Exh. 118, p. 2.  The Oregon

Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Dolan*

*v. Belleque*, 237 Or. App. 690, 243 P.3d 159 (2010), *rev. denied*, 349 Or. 602, 249 P.3d 123 (2011).

Petitioner then sought habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.  In

his Second Amended Petition for Writ of Habeas Corpus, Petitioner alleges two grounds for relief:[2]

> **Ground One:**  Ineffective Assistance of Counsel under the Sixth and Fourteenth
> Amendments.
> **Supporting Facts:**  Counsel initially failed to object to sentences which, under the
> applicable law, had to merge for sentencing and then, when the Post Conviction
> Court ordered the sentence corrected, counsel failed to object to the new sentence
> and also failed to object to the court proceeding without Petitioner's presence.  To
> the extent that post-conviction trial counsel was handling the re-sentencing (with
> Petitioner absent), he was functioning as a trial counsel and this ineffectiveness
> violated the Sixth Amendment.  (This is not a claim pursuant to *Martinez v. Ryan*,
> (U.S. Mar. 30, 2012)).
>
> **Ground Two:**  Ineffective Assistance of Counsel under the Sixth and Fourteenth
> Amendments.
> **Supporting Facts:**  Petitioner's sentence was increased in numerous respect [sic]
> after the grant of post-conviction relief and this was done in the post-conviction
> court in the absence of petitioner.  The action was retributive, illegal under state
> law, and denied Petitioner's right to be present at this critical stage.  Counsel was
> ineffective in failing to object to the sentence and Petitioner's absence.  To the
> extent that post-conviction trial counsel was handling the re-sentencing (with
> Petitioner absent), he was functioning as trial counsel and this ineffectiveness
> violated the Sixth Amendment[.]  (This is not a claim pursuant to *Martinez v. Ryan*
> (U.S. Mar. 30, 2012)).

---

[2]Petitioner alleged a third ground for relief, which he later withdrew in his
Memorandum of Law in Support of Petition for Writ of Habeas Corpus.

Respondent argues that Petitioner fails to state a claim upon which relief may be granted under 28 U.S.C. § 2254 and, in the alternative, that Petitioner is not entitled to relief on the merits of his claims.

## DISCUSSION

In both of his grounds for relief Petitioner argues his PCR trial counsel was ineffective. Petitioner contends that his PCR counsel was "functioning as trial counsel" to the extent that he was involved in Petitioner's re-sentencing, and that his ineffectiveness in the course of handling the re-sentencing violated Petitioner's right to effective assistance of counsel under the Sixth Amendment.

There is no constitutional right to counsel in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Where there is no right to counsel, there can be no deprivation of effective assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *see also Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005) ("because there is no Sixth Amendment right to counsel in state post-conviction proceedings, there can be no independent constitutional violation as a result of post-conviction counsel's incompetence"), *cert. denied*, 548 U.S. 927 (2006); *see also Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) (Supreme Court expressly eschewed holding that a freestanding right to counsel existed in state post-conviction proceedings).

Moreover, while Congress has granted federal courts broad authority in 28 U.S.C. § 2254(a) over habeas petitions filed by state prisoners who claim to be "in custody in violation of the Constitution or laws or treaties of the United States," Section 2254(i) excludes from this broad grant of jurisdiction one category of claims – those for ineffective assistance of post-conviction

counsel. *Dubrin v. California*, 720 F.3d 1095, 1098 (9ᵗʰ Cir. 2013). Section 2254(i) specifically states "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." *See also Martinez*, 132 S.Ct. at 1320 (reiterating that 2254(i) precludes a claim of ineffective assistance of post-conviction counsel in a § 2254 habeas corpus action).

Finally, to the extent Petitioner argues he had a constitutional right to effective assistance of counsel because his PCR trial attorney was "functioning" as trial counsel by participating in the re-sentencing during the PCR proceeding, Petitioner cites no authority for such an argument, nor could the Court locate any. *Cf. DePasquale v. McDaniel*, 2011 WL 841419, *21 (D. Nev., March 7, 2011) (section 2254(i) precluded habeas petitioner's claim he received ineffective assistance during post-conviction proceeding which resulted in agreement to change petitioner's sentence from death to life without the possibility of parole). Accordingly, the two grounds for relief alleged by Petitioner in his Second Amended Petition for Writ of Habeas Corpus are not cognizable claims under 28 U.S.C. § 2254(a). Because the claims are precluded under § 2254(i), the Court need not address the merits.

## RECOMMENDATION

For these reasons, Petitioner's Second Amended Petition for Writ of Habeas Corpus should be DENIED and a judgment of dismissal should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 22, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 7th day of May, 2015.

_____

John V. Acosta
United States Magistrate Judge